# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RONALD AARON PIERCE,**

    **Petitioner,**

**v.**                                                    **No.3:17-cv-00696-DRH**

**WARDEN B. TRUE,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in United States Penitentiary Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the application of a higher base offense level under United States Sentencing Guidelines § 2K2.1.

Petitioner was sentenced to 108 months' imprisonment on September 17, 2012 after pleading guilty to 1 count unlawful transport of firearms in violation of 18 U.S.C. § 922(g)(1). (Doc. 1, p. 1); *United States v. Pierce*, 11-cr-0093-JRG-1 (E.D. Ten). Previously, Petitioner filed a Motion pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015); the Motion was denied on May 22, 2017 after *Beckles v. United States*, 137 S.Ct. 886 (2017), which found that *Johnson* did not apply to sentences enhanced pursuant to the

sentencing guidelines.[1] (Doc. 1, p. 2). Petitioner now argues that he received an improper sentence enhancement pursuant to *Mathis v. United States*, 136 S.Ct. 2243 (2016). (Doc. 1, p. 7).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## The Petition

Because Petitioner had a prior conviction for aggravated burglary, his applicable Sentencing Guideline range was 100 to 120 months. (Doc. 1, p. 7). Petitioner received a middle-range sentence of 108 months. *Id.* Petitioner's base offense level was calculated with reference to USSG § 2K2.1, which increases the base offense level from 14 to 20 if the offender has a prior conviction for a "crime of violence" or "controlled substance offense." *Pierce*, 11-cr-0093-JRG, Doc. 22, p. 1, n. 1. Petitioner argues that his underlying crime of violence was adjudged to be a Tennessee conviction for aggravated burglary, and that if the Court applies the *Mathis* approach, the aggravated burglary charge will no longer meet the

---

[1] The Seventh Circuit has suggested in a footnote that *Beckles v. United States*, 137 S.Ct. 886 (2017) does not moot claims brought pursuant to *Mathis v. United States*, 136 S.Ct. 2243 (2016). *United States v. Lynn*, 851 F.3d 786, 795 n. 17 (7th Cir. 2017) ("Moreover, in *Beckles*, the Court does not, in any way, suggest that the categorical approach and modified categorical approach [discussed in *Mathis*], which it employs when analyzing the ACCA, does not apply with equal force to the language of § 4B1.2.")

criteria for a crime of violence. (Doc. 1, p. 7). Petitioner alleges that without the enhancement, the relevant guideline range would have been 63-78 months. *Id.* Petitioner requests resentencing. (Doc. 1, p. 11).

## **Discussion**

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him. *See* 28 U.S.C. § 2255(a). In this case, Petitioner is clearly attacking his sentence. However, he has already filed a motion pursuant to § 2255, and that remedy is no longer available to him without leave of the appellate court.

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and

obtain collateral relief pursuant to § 2241.  First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case"; second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion"; and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

In his attempt to trigger application of the savings clause, Petitioner relies on *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016).  *Mathis* addresses the "enumerated clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); specifically, it addresses what test a court should apply when determining whether a state conviction falls within the enumerated crimes clause.

Petitioner has met the first two requirements to bring a § 2241 case. *Mathis* is a case of statutory interpretation. *Dawkins v. United States,* 829 F.3d 549, 551 (7th Cir. 2016) (because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241."); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) (*Mathis* is not a constitutional case and does not justify second or successive collateral attacks pursuant to § 2255).

The Petition also meets the second requirement.  The Seventh Circuit has indicated that *Mathis* is a substantive rule. *Dawkins*, 829 F.3d at 551 (7th Cir. 2016). Controlling precedent indicates that substantive Supreme Court rules are

applied retroactively. *See Narvaez v. United States,* 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

Petitioner has also plausibly stated that his sentence enhancement may be a miscarriage of justice. In *Mathis*, the Supreme Court discussed the correct approach to applying the enumerated clause in the ACCA. *See* 136 S.Ct. 2243 (U.S. 2016). A prior crime qualifies as a predicate offense only if its elements are the same as, or narrower than, those of the generic offenses listed in the statute. *Id.* at 2247. When a statute is indivisible, a court can determine whether the crime counts as an ACCA predicate by lining up the crime's elements alongside those of the generic offense to see if the elements match. *Id.* at 2248. In the case of a divisible statute, where the statute lists elements in the alternative, a court employs a "modified categorical approach" by which the court may examine a limited class of documents to determine what crime, with what elements, the defendant was convicted of. *Id*. at 2249. *Mathis* stands for the proposition that when a statute enumerates various facts that meet an element of the crime, a court must still apply the categorical approach, without reference to the facts of the specific case. *Id.* at 2251. That is, if the statute is indivisible, but specifies that certain alternative facts may satisfy an element, a court cannot look to the facts of the case to determine whether the conduct involved satisfied the generic version of the crime if the state statute involved is broader than the generic version. *Id.*

The Sentencing Guidelines, like the ACCA, also refer to specific crimes as grounds for sentencing enhancements. Some of the language of the Sentencing Guidelines tracks the ACCA quite closely. Petitioner has alleged that *Mathis* is directly applicable because, like the petitioner in that case, Petitioner has been convicted of burglary pursuant to a state law that is broader than the generic offense of burglary, and his sentence has been enhanced on those grounds. Since *Mathis* was decided, the Seventh Circuit has also decided *United States v. Edwards*, 836 F.3d 831 (7th Cir. 2016), which specifically found that the district court used an incorrect approach in enhancing sentences pursuant to § 922(g)(1) based on a prior Wisconsin burglary convictions. Although that case addressed Wisconsin law, not Tennessee law, it shows that Petitioner is raising a valid argument. The Court orders Respondent True to file a response so that the Court may have the advantage of further briefing in deciding this issue.

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 24th day of August, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.08.24 17:05:24 -05'00'

**UNITED STATES DISTRICT JUDGE**