IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD AARON PIERCE,** | ) |
| | ) |
|      **Petitioner,** | ) |
| | ) |
| vs. | )   Civil No.  17-cv-696-DRH-CJP |
| | ) |
| **WARDEN B. TRUE,** | ) |
| | ) |
|      **Respondent.** | ) |

## MEMORANDUM and ORDER

Petitioner Ronald Aaron Pierce filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the enhancement of his sentence under U.S.S.G. § 2K2.1(a)(4). He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Now before the Court is Respondent's Motion to Dismiss, Doc. 9.

Respondent argues that the petition must be dismissed because an incorrect application of an advisory Sentencing Guideline is not a miscarriage of justice that can be remedied in a collateral proceeding.

Petitioner was granted an extension of time in which to respond to the motion. His response was due by December 18, 2017. See, Doc. 12. Petitioner has not filed a response. The court deems the failure to respond to be an admission of the merits of the motion pursuant to SDIL – LR 7.1(c).

### Relevant Facts and Procedural History

Pursuant to a written plea agreement, Pierce pleaded guilty to one count of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)) in the Eastern

1

District of Tennessee. *United States v. Pierce*, Case No. 11-cr-00093-JRG. On September 17, 2012, he was sentenced to 108 months imprisonment.

The plea agreement contained a waiver of the right to file a collateral attack:

> In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

Case No. 11-cr-00093-JRG, Doc. 11, pp. 6-7.

Through counsel, petitioner filed a motion under 28 U.S.C. § 2255. Citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), he argued that his prior conviction for Tennessee aggravated burglary should not have been used to enhance his sentence under U.S.S.G. § 2K2.1(a)(4). Case No. 11-cr-00093-JRG, Doc. 23. He dismissed his motion without prejudice after the Supreme Court decided in *Beckles v. United States*, 137 S. Ct. 886 (2017), that *Johnson* does not extend to Sentencing Guidelines cases. Case No. 11-cr-00093-JRG, Doc. 29.

## Analysis

Ostensibly relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), Pierce argues that his prior conviction for aggravated burglary under Tennessee law no longer qualifies as a crime of violence within the meaning of § 2K2.1(a)(4).[1]

Petitioner cites *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), in

---

[1] "Crime of violence" has the same meaning under U.S.S.G. § 2K2.1 as it does under the career offender enhancement, § 4B1.1. See, Application Note 1 of the Commentary to § 2K2.1. Until it was amended effective August 1, 2016, § 4B1.2 specified that burglary of a dwelling was a crime of violence for purposes of the career offender enhancement.

2

which the Sixth Circuit held that Tennessee aggravated burglary is broader than generic burglary and therefore does not qualify as a violent felony for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Seventh Circuit has ruled the opposite regarding the Illinois residential burglary statute, which is similar to the Tennessee statute in relevant respects, and has expressly rejected the reasoning of the *Stitt* majority. *Smith v. United States*, ___ F.3d __ , 2017 WL 6350072, at *3 (7th Cir. Dec. 13, 2017). Further, petitioner assumes that *Mathis* would apply to U.S.S.G. § 2K2.1 and that *Stitt* would apply to an enhancement under the Guidelines as well as to an enhancement under the Armed Career Criminal Act. Therefore, the merits of petitioner's argument are not at all clear. However, it is not necessary to wade into the merits because it is clear that Pierce cannot bring a *Mathis* claim in a § 2241 petition.

There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). See also, *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

3

The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, ___ F.3d ___, 2017 WL 6379634 (7th Cir. Dec. 14, 2017). Petitioner was sentenced in 2012, long after *Booker* was decided. He received a sentence that was within the statutory range. Therefore, he cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 9) is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.08
16:45:02 -06'00'

**United States District Judge**

4

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).